Robert Garrett, SBN 65886
rgarrett@garrett-tully.com
Candie Y. Chang, SBN 215019
cchang@garrett-tully.com
Trang T. Tran, SBN 204481
ttran@garrett-tully.com
GARRETT & TULLY, P.C.
225 S. Lake Ave., Suite 1400
Pasadena, California 91101-4869
Telephone: (626) 577-9500
Facsimile:  (626) 577-0813

Attorneys for Old Republic National Title
Insurance Company, a Florida corporation

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Old Republic National Title Insurance Company, a Florida corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Pontus MAG Fairfield, LLC, a Delaware limited liability company; HG Capital X, LLC, a Delaware limited liability company; HG Capital XI, LLC, a Delaware limited liability company; Calmwater Capital 3, LLC, a California limited liability company; and US Real Estate Credit Holdings III, LP, a limited partnership.<br><br>Defendants. | Case No. '20CV2424 BAS BLM<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff, Old Republic National Title Insurance Company, a Florida corporation ("ORNTIC") alleges:

## PRELIMINARY ALLEGATIONS

1. Effective February 16, 2016 at 1:55 PM, ORNTIC issued an Owner's Policy of Title Insurance, Policy No. A 04556-0X-131600 ("Owner's Policy"), with a coverage limit of $21,975,000, in favor of Pontus MAG Fairfield, LLC, a Delaware limited liability Company ("Pontus"), insuring its interest pursuant to the terms of the Owner's Policy in real property commonly known as 2575 Auto Mall Parkway and 2545 Auto Mall Parkway, Fairfield, CA 94534 ("Property").

2. Pursuant to the provisions of an Endorsement to the Owner's Policy, defendants HG Capital X, LLC, a Delaware limited liability company ("HGX") and HG Capital XI, LLC, a Delaware limited liability company ("HGXI") were added as insureds.

3. Effective February 16, 2016 at 1:55 PM, ORNTIC issued a Loan Policy of Title Insurance, Policy No. A04556-LX-131601 ("Loan Policy") with a coverage limit of $18,182,500 in favor of Calmwater Capital 3, LLC, a California limited liability company ("Calmwater"), and it successors and assigns, insuring, pursuant to the terms of the Loan Policy, a Deed of Trust, Security Agreement and Financing Statement ("Deed of Trust") to secure an indebtedness in the amount of $18,182,500 between Pontus as trustor/borrower and Calmwater as beneficiary/lender, recorded February 16, 2016 in Official Records, as Instrument 201600000011683.

4. Plaintiff is informed and believes and thereon alleges ownership of a portion of the indebtedness secured by the Deed of Trust has been assigned to US Real Estate Credit Holdings III, LP, a limited partnership ("USRECH") and, pursuant to the provisions of the Loan Policy, USRECH is an insured under the Loan Policy.

## JURISDICTION AND VENUE

5. Federal diversity jurisdiction exists pursuant to 28 U.S.C.A. §1332.

6. Plaintiff ORNTIC is incorporated in Florida and has its principal place of business in Tampa, Florida.

7. Plaintiff is informed and believes and thereon alleges defendant Pontus is a Delaware limited liability company with its principal place of business in La Jolla, California. Plaintiff is informed and believes and thereon alleges none of defendant's members were formed or have a principal place of business in Florida.

8. Plaintiff is informed and believes and thereon alleges defendant HGX is a Delaware limited liability company with its principal place of business in Menlo Park, California. Plaintiff is informed and believes and thereon alleges none of defendant's members were formed or have a principal place of business in Florida.

9. Plaintiff is informed and believes and thereon alleges defendant HGXI is a Delaware limited liability company with its principal place of business in Menlo Park, California. Plaintiff is informed and believes and thereon alleges none of defendant's members were formed or have a principal place of business in Florida.

10. Plaintiff is informed and believes and thereon alleges defendant Calmwater is a California corporation with its principal place of business in Los Angeles, California.

11. Plaintiff is informed and believes and thereon alleges defendant USRECH is a business entity formed under the laws of Ireland with its principal place of business in Los Angeles, California. Plaintiff is informed and believes and thereon alleges none of defendant's members were formed or have a principal place of business in Florida.

12. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

13. Venue in the Southern District of California is proper pursuant to 28 U.S.C.A. §1391(b)(3) because the principal place of business of Pontus is in San Diego, California.

14. On or about February 26, 2019, Pontus tendered to ORNTIC defense of a lawsuit entitled *Toyota Motor Credit Corporation v. Pontus MAG Fairfield, LLC et al*, case number FCS052614 ("Toyota Litigation") filed in the Solano County Superior Court.

15. Subject to various reservations of rights, including the right to request and obtain additional information from Pontus pursuant to Section 6 of the Conditions of the Owner's Policy, ORNTIC accepted the defense of Pontus in the Toyota Litigation, has engaged counsel on its behalf, and has incurred substantial expense. HGX and HGXI were not named as defendants in the Toyota Litigation.

16. Subject to various reservations of rights, including the right to request and obtain additional information from Calmwater and USRECH pursuant to Section 6 of the Conditions of the Loan Policy, ORNTIC accepted the defense of Calmwater and USRECH in the Toyota Litigation, has engaged counsel on their behalf, and has incurred substantial expense.

17. Section 6 of the Conditions of both the Owner's Policy and the Loan Policy obligate the insureds to cooperate with ORNTIC and further obligates any insured claimant to produce for examination, inspection, and copying all records, in whatever media maintained, including books, ledgers, checks, memoranda, correspondence, reports, emails, discs, tapes, and videos that reasonably pertain to the loss or damage. The Owner's Policy and the Loan Policy further obligate the insureds to produce any reasonably requested information and grant permission to secure reasonably necessary information from third parties and failure to do so, unless prohibited by law or governmental regulation, shall terminate any liability of the company under the policy as to that claim.

18. Plaintiff ORNTIC has repeatedly requested that Pontus, HGX, and HGXI, through their counsel, produce documents and authorize obtaining documents from third parties reasonably related to the investigation of the claim and determination of the measure of loss, if any, under the Owner's Policy.

19. Although Pontus, HGX and HGXI have provided some of the information requested, despite repeated requests, they have refused to provide all the requested information and have refused to authorize obtaining documents from third parties reasonably necessary to evaluate the claim.

20. An actual controversy has arisen and now exists between plaintiff and defendants Pontus, HGX, and HGXI (collectively "Insured Owners") as follows:

(a) Essential to its ability to evaluate the claim and determine the magnitude of covered loss, if any, owed to Insured Owners, and pursuant to the provisions of the Owner's Policy, plaintiff is entitled to the information it has requested from Insured Owners as well as cooperation obtaining information from third parties. On the other hand, plaintiff is informed and believes and thereon alleges Insured Owners contend they are not obligated to provide the requested information or cooperation.

(b) Pursuant to the contractual provisions of the Owner's Policy, the failure to provide the requested information and cooperation entitles plaintiff to terminate coverage for the claim. Plaintiff is informed and believes and thereon alleges the Insured Owners deny coverage can be terminated due to the failure to honor their contractual obligations under the Owner's Policy.

(c) Despite the refusal to provide the requested information and cooperation to which plaintiff is entitled under the Owner's Policy, on November 11, 2020, the Insured Owners submitted a Proof of Loss pursuant to which they claim plaintiff is obligated to pay to them $8,438,726.26 under the Owner' Policy within 30 days of receipt of the Proof of Loss. Plaintiff denies it is obligated to pay

the amount requested under the Proof of Loss or any other amount in light of the failure to honor the policy obligations to provide the requested information and cooperation.

(d) Pursuant to Section 11 of the Conditions of the Owner's Policy, the amount of insurance shall be reduced by any amount plaintiff pays under any policy insuring a mortgage to which exception is taken in Schedule B of the Owner's Policy and which is a charge or lien on the title to the Property and the amount shall be deemed a payment to the insured under this loss. Pursuant to the provisions of the Owner's Policy, plaintiff has the right to pay any covered loss to the owners of the indebtedness secured by the Deed of Trust. Plaintiff is informed and believes and thereon alleges the Insured Owners deny plaintiff is entitled to pay any covered loss to the owners of the secured indebtedness.

21. Defendants Calmwater and USRECH (collectively "Insureds Lenders") are named in this lawsuit because their rights may be affected by the outcome of the dispute between plaintiff and the Insured Owners with respect to any amount payable to them under the Owner's Policy and the Loan Policy.

22. Plaintiff requests a declaration of the respective rights of the parties in light of the foregoing allegations including:

(a) a declaration plaintiff has no obligation to pay any loss or to provide any further benefits under the Owner's Policy to the Insured Owners;

(b) alternatively, in the event it were to be determined coverage in favor of the Insured Owners has not been terminated under the Owner's Policy, an order declaring their obligations to cooperate with plaintiff and to provide the requested information are conditions precedent to any obligation on the part of plaintiff to indemnify the Insured Owners under the Owner's Policy;

(c) a declaration of the amount, if any, owed by plaintiff to the Insured Owners under the Owner's Policy; and

     (d)    a declaration plaintiff may pay any amounts due under the Owner's Policy to the Insured Lenders and thereby reduce the amount, if any, owed to the Insured Owners.

## PRAYER

Plaintiff requests the declarations described above and any other declarations or relief the court may deem appropriate, together with costs of suit.

DATED:  December  11, 2020       Garrett & Tully, PC

*/S/ Trang T. Tran*
Trang T. Tran
Attorneys for Plaintiff Old Republic National Title Insurance Company, a Florida Corporation
E-mail: ttran@garrett-tully.com

**GARRETT & TULLY**
A PROFESSIONAL CORPORATION

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participates indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 11, 2020.

<u>s/ Becky Barrón-Pena</u>              .
BECKY BARRÓN-PEÑA
GARRETT & TULLY, P.C.
225 South Lake Avenue, Suite 1400
Pasadena, California 91101-4869
(626) 577-9500 * Fax (626) 577-0813
Email: bpena@garrett-tully.com